J-S54014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEANDRE LEVON JONES | : | |
| | : | |
| Appellant | : | No. 1781 WDA 2017 |

Appeal from the Judgment of Sentence September 26, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001457-2017

BEFORE:  PANELLA, J., LAZARUS, J., and MURRAY, J.

JUDGMENT ORDER BY PANELLA, J.:          **FILED JANUARY 11, 2019**

Appellant, Deandre Levon Jones, appeals from the judgment of sentence entered in the Erie County Court of Common Pleas, following his convictions for drug offenses. We affirm.

Briefly, Appellant was caught selling heroin to a confidential informant. He pled guilty to possession with intent to distribute, criminal use of a communications facility, and driving under a suspended license, and was sentenced to an aggregate six to fourteen years' incarceration. Appellant filed a timely post-sentence motion, which was denied, and a notice of appeal.

In evaluating the appeal, this panel determined Appellant's challenge to the calculation of his prior record score was without merit. However, Appellant also raised a second issue, alleging the trial court miscalculated his applicable credit for time served. We remanded for a determination of whether Appellant was owed additional credit for time served, and retained jurisdiction.

On remand, the trial court found Appellant was owed 58 days of credit time. The court ordered the credit applied to Appellant's sentence. This case is again before us.

Typically, the pendency of an appeal strips the trial court of its ability to modify an order. *See* 42 Pa.C.S.A. § 5505. However, a trial court may "[t]ake any action directed or authorized on application by the appellate court." Pa.R.A.P. 1701(b)(5). On remand, we explicitly instructed the trial court to award Appellant credit for time served, if the court found such credit had not been previously given. Thus, the trial court's credit order of 58 days resolves our inquiry, and affords Appellant relief on his remaining appellate issue. We therefore affirm his judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/11/2019